No. 2738

Second Circuit

---

SAULSBERRY v. HEMLER

DILL, Intervenor

---

(December 11, 1926. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Appeal—Par. 625.**

The finding of the trial court on matters of fact, where clearly correct, are affirmed.

Appeal from the Fifth Judicial District Court of Louisiana, parish of Richland. Hon. John R. McIntosh, Judge.

Action by Tom Saulsberry against John A. Hemler. Bennie Dill, Intervenor.

There was judgment for intervenor and defendant in intervention appealed.

Judgment affirmed.

Tobin R. Hodge, of Rayville, attorney for plaintiff, appellant.

Warren Hunt, of Rayville, attorney for intervenor, appellee.

WEBB, J.    This action was brought on July 22, 1925, by Tom Saulsberry against J. A. Hemler to obtain judgment decreeing plaintiff to be the owner and entitled to the possession of a mule alleged to have been in possession of the defendant and obtained a writ of sequestration under which the animal was sequestered.

Hemler answered disclaiming title or possession of the mule, and Ben Dill filed an intervention alleging that he was the owner of the animal sequestered and entitled to possession of it, and prayed for judgment accordingly.

Trial was had on January 27, 1926, and judgment rendered in favor of intervenor and defendant in intervention appealed.

### OPINION.

The issue presented is purely a question of fact, and as may be expected the evidence is very conflicting, the parties themselves and their witnesses identifying the animal sequestered as being the same which was owned and formerly in possession of the party by whom they were called.

The witnesses based their opinion as to the identity of the sequestered mule with the animal which was at one time owned and possessed by the respective parties, by marks which are more or less common to the species, and the court before whom the witnesses appeared and who had the opportunity of comparing the description of the animal which the parties claimed to have strayed from them with the animal sequestered, and he gave greater weight to the testimony of the witnesses who identified the animal sequestered with an animal which had been in the continuous possession of the intervenor since 1923, until a short time before the suit than to the testimony of witnesses who identified the animal sequestered with an animal which had strayed from plaintiff's possession in 1923, and which had not been seen since that time either by the plaintiff or his witnesses; and from our review of the evidence we reach the same conclusion as did the trial court.